# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CitiMortgage, Inc., <br><br> Plaintiff <br><br> v. <br><br> Solana Unit-Owners' Association et al., <br><br> Defendants | Case No.: 2:13-cv-01976-JAD-GWF <br><br> **Order Denying Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction [Doc. 3, Doc. 4]** |

Before the Court is Plaintiff CitiMortgage's Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction. Doc. 3; Doc. 4. CitiMortgage asks for a temporary restraining order that prevents the sale of real property at 8400 West Charleston Boulevard, #142, Las Vegas, NV 89117 ("the Property"), scheduled for 2:00 p.m. today. Doc. 3 at 1–2. For the reasons set forth below, the Court denies the motion.

## I.
## Background

CitiMortgage is the beneficiary on a Deed of Trust for the Property that was recorded May 19, 2008. Doc. 3 at 3; Doc. 3-1 at 3. Solana Unit-Owners Association ("the HOA") recorded a Notice of Delinquent Assessment Lien on November 7, 2012. Doc. 3 at 3; Doc. 3-2 at 2. Alessi & Koenig recorded a Notice of Default and Election to Sell on January 31, 2013, Doc. 3-3 at 3, and a Notice of Sale on August 20, 2013, on behalf of the HOA. Doc. 3 at 3; Doc. 3-4 at 2. CitiMortgage

1

has asked Alessi & Koenig to postpone the sale while they negotiate down the $6,689.60 current demand amount. Doc. 3 at 4. Although some reduction has been applied, CitiMortgage believes that "Alessi & Koenig is demanding more than it is lawfully entitled to use as the basis for an HOA foreclosure" and asks this Court to restrain the foreclosure sale until that amount is further reduced. Doc. 3 at 14, ¶ 8.

CitiMortgage maintains that it need not "pay any amount to preserve its interest in the Subject Property because foreclosing on the super-priority portion of the HOA Lien will not extinguish Plaintiff's first deed of trust." Doc. 3 at 4. It writes that, "in order to avoid more costly litigation to attempt to unwind a potential HOA foreclosure sale if the third party purchaser claims that it extinguished Plaintiff's first security interest following sale, Plaintiff believes that it need only pay off the super-priority portion of the Lien, which is capped at an amount equal to nine (9) months of regular monthly assessment." Doc. 3 at 4. Because the Nevada Supreme Court is slated to rule on this extinguishment issue, however, CitiMortgage seeks immediate, emergency, injunctive relief. Doc. 3 at 4, 6, 12.

## II.

### Analysis

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders. It allows the Court to issue a temporary restraining order without notice to the adverse party or to its attorney if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b). The Ninth Circuit applies two tests for injunctive relief. Under the traditional test, the movant must show: (1) a likelihood of success on the merits, (1) a likelihood of irreparable harm absent preliminary relief, (3) that a balance of equities favors the movant, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Beardslee v. Woodford*, 395 F.3d 1064, 1067 (9th Cir. 2005) (citation omitted). The alternative analysis requires plaintiffs to meet their burdens by showing "either a combination of probable success on the merits and the possibility of irreparable

injury or that serious questions are raised and the balance of hardships tips sharply in his favor." *Id.* (citation omitted) (internal quotation marks omitted).  These approaches to preliminary injunctions are "extremes of a single continuum rather than two separate tests." *Id.* (citation omitted) (internal quotation marks omitted).

The crux of CitiMortgage's argument in support of its ex parte request filed last night for an order restraining today's 2:00 p.m. Trustee's sale is that the Solana HOA, which has a super-priority lien under NRS 116.3116, is refusing to reduce its claimed lien amount so that CitiMortgage can pay off the lien and stop the HOA's non-judicial foreclosure.  CitiMortgage contends that, unless the Court issues a restraining order to stop the sale and adjudicates the true amount of the HOA's super-priority lien, Doc. 3 at 4; Ex. 9, the property may be sold and the future purchaser may claim (or the Nevada Supreme Court may interpret NRS 116.3116 to provide) that CitiMortgage's security interest was extinguished by the HOA's non-judicial foreclosure sale.  Doc. 3 at 12.  CitiMortgage's last-minute effort to obtain extraordinary relief fails because CitiMortgage has a remedy (it can itself stop the sale by simply paying the HOA's payoff demand and litigating the disputed difference later), and CitiMortgage acknowledges that any harm is only speculative at this time.

CitiMortgage itself writes that no equitable remedy should be necessary because it does not believe that NRS 116.3116 extinguishes its priority interest.  Doc. 3 at 4; *cf. Weeping Hollow Ave. Trust v. Spencer*, 2:13-cv-00544-JCM-VCF, 2013 WL 2296313, at *3 (D. Nev. May 24, 2013) (writing that "[p]laintiff argues that its foreclosure extinguished the bank's first position deed of trust.  As discussed more thoroughly in section IV.B, the plain language of the NRS 116.3116, the legislative history and intent of the statute, and a mountain of Nevada state and federal cases all hold to the contrary.").  Thus, by its own admission, this motion is a "just in case" effort to preserve CitiMortgage's priority interest *in the event that* the sale goes forward, the purchaser disputes CitiMortgage's interest, and the Nevada Supreme Court rules that CitiMortgage's security interest was extinguished by the foreclosure sale.  "Speculative injury does not constitute irreparable injury." *Goldie's Bookstore, Inc. v. Super. Ct. of State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984) (citing Wright and Miller, 11 *Federal Practice and Procedure* § 2948 at 436 (1973)).  "At a minimum, a

plaintiff seeking preliminary injunctive relief must demonstrate that it will be exposed to irreparable harm. Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction. A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." *Caribbean Marine Servs. Co. v. Baldridge,* 844 F.2d 668, 674 (9th Cir. 1988).

Moreover, because the heart of this dispute is the monetary amount of the HOA's lien, this dispute really concerns a monetary or legal issue, which does not implicate irreparable harm. Its ability to sue for monetary relief is an adequate remedy that precludes the granting of relief. *Church of Scientology of Cal. v. United States,* 920 F.2d 1481, 1490 (9th Cir. 1990) (citing *Bob Jones Univ. v. Simon,* 416 U.S. 725, 746 (1974); *Cool Fuel, Inc. v. Connett,* 685 F.2d 309, 314 (9th Cir. 1982)).

Finally, CitiMortgage has not complied with this Court's rules for obtaining ex parte relief. All ex parte motions must "contain a statement showing good cause why the matter was submitted to the Court without notice to all parties" and describing "the efforts made to obtain a stipulation and why a stipulation was not obtained." LCR 47-2. CitiMortgage failed to provide any statement showing good cause, and it has not described efforts made to obtain a stipulation for judicial relief. Without this information, CitiMortgage has not satisfied its burden for obtaining ex parte relief, particularly this type of relief on less than a day's notice.

Accordingly, and with good cause appearing:

It is hereby ORDERED that Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction [**Doc. 3, Doc. 4.**] is **DENIED**.

DATED October 30, 2013.

JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE